IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTT T. BEHLING, # 664060,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-821-S-BH |
| | ) | |
| **FNU LNU,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow court orders.

### I. BACKGROUND

After the *pro se* prisoner plaintiff appeared to seek relief from, and assert new claims against, unnamed governmental officials that were unrelated to the claims asserted in his lawsuit against different defendants, the new claims were severed and opened in this lawsuit on April 8, 2021. (*See* docs. 2, 3.) He paid the filing fee for this case and filed an amended complaint, and on August 10, 2021, he was sent a questionnaire to obtain more information about his claims. (*See* doc. 12.) The questionnaire specifically advised the plaintiff that his answers to the questionnaire were due within thirty days, and that a failure to file his answers could result in the dismissal of his case. *Id.* He filed his answers, and on November 29, 2021, he was sent a second questionnaire to obtain additional information. (*See* doc. 14.) The questionnaire again specifically advised that answers were due within thirty days, and that a failure to file his answers could result in the dismissal of his case. *Id.* Well more than thirty days from the date of the second questionnaire have passed, but the plaintiff has not filed his answers to it, or anything else in this case.

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with an orders that he provide his answers to a second questionnaire despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case.  Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed, this case should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff files his answers to the second questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 12th day of August, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                     *[signature]*
                     IRMA CARRILLO RAMIREZ
                     UNITED STATES MAGISTRATE JUDGE